JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGNOLIA PEARL, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HONEY MANCHANDA, an individual; KHUSHI MANCHANDA, an individual; PANKAJ MANCHANDA, an individual; RIYA MANCHANDA, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 8:25-cv-01565-DOC-DFM<br><br>[PROPOSED] CONSENT JUDGMENT |

## [PROPOSED] CONSENT JUDGMENT

This Matter is before the Court on the joint motion of Plaintiff Magnolia Pearl, LLC ("Magnolia Pearl" or "Plaintiff") and Defendant Honey Manchanda.

**WHEREAS**, this Consent Judgment as to Honey Manchanda concerns the claims between Magnolia Pearl and Honey Manchanda in this Civil Action No. 8:25-cv-01565-DOC-DFM (the "Litigation").

**WHEREAS**, Defendant Honey Manchanda represents to the Court that Defendants Khushi Manchanda, Pankaj Manchanda, and Riya Manchanda were not involved in the conduct alleged in the Complaint (Dkt. 1), and on that basis all claims against Khushi Manchanda, Pankaj Manchanda, and Riya Manchanda shall be dismissed with prejudice with respect to all acts that occurred prior to today.

  **WHEREAS**, Magnolia Pearl represents that it owns the MAGNOLIA PEARL trademarks with Reg Nos. 4178784, 5642383, and 5246047.

  **WHEREAS**, Magnolia Pearl alleged in the Litigation that Honey Manchanda infringed its trademarks among other allegations through the importation of unauthorized Magnolia Pearl-branded goods;

  **WHEREAS**, Honey Manchanda admits she imported and sold products bearing one or more of the MAGNOLIA PEARL Marks without authorization, and agrees that the MAGNOLIA PEARL Marks are valid and enforceable;

  **WHEREAS**, Honey Manchanda admits that she alone was responsible for the complained of acts in Plaintiff's Complaint (Dkt. 1), and not the other Defendants Khushi Manchanda, Pankaj Manchanda, and Riya Manchanda;

  **WHEREAS**, Honey Manchanda admits that Magnolia Pearl would be irreparably harmed if Honey Manchanda was not enjoined from infringing or otherwise misusing the MAGNOLIA PEARL Marks;

  **WHEREAS**, Magnolia Pearl requested that this Court enter a permanent injunction enjoining Honey Manchanda from infringing or otherwise misusing the MAGNOLIA PEARL Marks;

  **WHEREAS**, Magnolia Pearl and Honey Manchanda have reached an agreement to finally settle the Litigation, with the monetary terms to be kept confidential;

  **WHEREAS**, Magnolia Pearl and Honey Manchanda request that the Court have the authority to enforce the terms of their settlement as an Order of the Court;

  **WHEREAS**, Magnolia Pearl and Honey Manchanda consent to personal jurisdiction in California for purposes of enforcing the settlement;

  **IT IS HEREBY ORDERED, DECREED, and ADJUDGED as follows:**

  1. Magnolia Pearl and Honey Manchanda hereby agree that this case has been settled as between them, and that all issues and controversies between them have been resolved to their mutual satisfaction. Magnolia Pearl and Honey Manchanda request the Court to retain jurisdiction to enforce the terms of

their settlement under the authority of *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

2. The Court has jurisdiction over Magnolia Pearl, LLC and Honey Manchanda, as well as the subject matter of this Litigation.

3. Honey Manchanda acknowledges that the MAGNOLIA PEARL Marks are valid and enforceable.

4. While Honey Manchanda initially believed that she could sell the accused Magnolia Pearl-branded products lawfully, she now acknowledges that her importing, advertising, offering to sell, and selling of the products accused of infringement in the Litigation violated Magnolia Pearl's exclusive rights as the trademark owner.

5. Honey Manchanda states that she has no knowledge beyond the information she has already provided to Magnolia Pearl and cannot verify the origin of goods prior to her handling.

6. Honey Manchanda represents that she has provided information responsive to the Plaintiff's requests to the best of her ability and based on the records available to her.

7. The parties shall comply with the settlement, including that:
    a. Honey Manchanda shall permanently cease importing, offering for sale, or selling any products bearing the MAGNOLIA PEARL Marks or any marks/designs confusingly similar thereto;
    b. Honey Manchanda shall permanently refrain from using "Magnolia Pearl" or any confusingly similar designation in any titles, descriptions, hashtags, alt-text, metadata, or keywords on any online or physical sales channel;
    c. Honey Manchanda shall, within 30 days, to the best of her ability delete or remove all ended or sold listings, pages, and images referencing Magnolia Pearl products from any platform under their control, and request removal or suppression from platform operators where deletion is

unavailable;

d. Honey Manchanda shall comply with supplier contact duties, which requires her to contact her supplier to inquire about upstream suppliers of the accused products;

e. Honey Manchanda shall produce purchaser information for the accused products to the extent that the information can be retrieved;

f. Honey Manchanda shall sign an affidavit under oath stating who she purchased the accused products from, the dates of purchase, the location of purchase, any contact information she has for the seller, and a listing of the items purchased.

8. The parties shall maintain the confidentiality of the settlement amount, which shall be provided confidentially to the Court, and the Court has the authority to enforce payment of the settlement amount according to the terms agreed to by the parties.

9. The parties expressly waive their rights under Federal Rule of Civil Procedure 65(d) to the extent Rule 65(d) requires this order to be specific in terms or to describe in reasonable detail the act or acts to be restrained.

10. By consent of the parties, the Court shall retain jurisdiction for the purposes of enforcing the terms of this Consent Judgment and the settlement.

11. Except as necessary to enforce the terms of this Consent Judgment and the settlement, this case as between Magnolia Pearl and Defendants Honey Manchanda, Khushi Manchanda, Pankaj Manchanda, and Riya Manchanda is hereby dismissed with prejudice. Each of those parties shall bear its own costs and attorneys' fees.

| | | | |
|---|---|---|---|
| 1 | DATED: | December 8, 2025 | By: _/s/ David O. Carter_ |

Hon. David O. Carter
United States District Court
Central District of California

_/s/ Justin Sobaje_
Justin Sobaje
Foley & Lardner LLP

_/s/ Honey_
HONEY MANCHANDA
DATED: December 8, 2025            By: _____
                                        Hon. David O. Carter
                                        United States District Court
                                        Central District of California

_____
Justin Sobaje
Foley & Lardner LLP

_____
HONEY MANCHANDA